IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA, :

    Plaintiff, :

    vs. : Case No. 3:08cr108

        JUDGE WALTER HERBERT RICE

CHARLES McDANIEL, :

    Defendant. :

---

DECISION AND ENTRY OVERRULING GOVERNMENT'S MOTION TO
AUGMENT THE RECORD AND FOR RECONSIDERATION (DOC. #35)

---

Defendant Charles McDaniel ("Defendant" or "McDaniel") is charged in the Indictment (Doc. #10) with four separate counts or offenses, to wit: one count of possessing a firearm by a convicted felon, one count of possession of a firearm in furtherance of a drug trafficking offense, one count of possession with intent to distribute heroin and one count of possession of crack cocaine. Much of the evidence supporting those charges was discovered when law enforcement officers, armed with a warrant authorizing them to arrest McDaniel's son, Lemark Billingsley ("Billingsley"), entered and subsequently searched Defendant's house located at 2515 Hoover Avenue, Dayton, Ohio, on June 6, 2008. Not surprisingly, McDaniel filed a motion, requesting that this Court suppress the evidence that police had seized as a result of that search. See Doc. #16. After conducting a two-day oral

and evidentiary hearing on that motion, this Court, in its Decision of June 26, 2009, sustained Defendant's Motion to Suppress Evidence (Doc. #16). See Doc. #33.

This prosecution is now before the Court on the Government's Motion to Augment the Record and for Reconsideration (Doc. #35). With that motion, the Government requests that the Court permit the record to be augmented and that it reconsider its decision to sustain the Defendant's Motion to Suppress Evidence (Doc. #16). For reasons which follow, this Court overrules the Government's Motion.

As an initial matter, the Government states that, if given leave to augment the record, it would introduce testimony from Deputy United States Marshal Brad Stuart ("Stuart"), who would testify that, subsequent to the entry into Defendant's residence on June 6, 2008, Billingsley has repeatedly used and acknowledged 2515 Hoover Avenue as his address. Whether to permit such a request is committed to the discretion of the District Court. Duha v. Agrium, Inc., 448 F.3d 867, 881 (6th Cir. 2006) (reviewing District Court's denial of request to supplement the record for an abuse of discretion and noting that the District court had not abused its discretion in concluding that the defendant had failed to establish good cause to supplement the record). Herein, the Government has failed to establish good cause for augmentation of the record, given that it has failed to establish a reason for neglecting to introduce Stuart's testimony during the initial two-day evidentiary hearing conducted on Defendant's request to suppress evidence. For instance, the Government does not argue that Stuart's testimony is newly discovered. Nor does the Government contend that it did not anticipate the

issues which were raised by Defendant's Motion to Suppress Evidence (Doc. #16). Accordingly, this Court will not permit the Government to augment the record and overrules that branch of its motion.

Turning to the alternative branch of the Government's motion, with which it seeks reconsideration of the Court's Decision (Doc. #33) to sustain the Defendant's Motion to Suppress Evidence (Doc. #16), this Court noted in said Decision that the parties disagreed about whether the lawfulness of the officers' entry into Defendant's residence was to be assessed in accordance with the standards established by the Supreme Court in Steagald v. United States, 451 U.S. 204 (1981), as the Defendant had argued, or under Payton v. New York, 445 U.S. 573 (1980), the case relied upon by the Government. Doc. #33 at 6. In Payton, the Supreme Court held that, although "an arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within, police were without the authority to enter a suspect's home without such a warrant. 445 U.S. at 603. The Sixth Circuit indicated in one decision that, in accordance with Payton, an arrest warrant only justifies the entry into a residence, if, by looking at common sense factors and evaluating the totality of the circumstances, the officers had "a reasonable belief that the subject of the arrest warrant is within the residence at that time." United States v. Pruitt, 458 F.3d 477, 483 (6th Cir. 2006), cert. denied, 549 U.S. 1283 (2007).

In its previous Decision, this Court found, inter alia, that the Government had failed to prove that the officers entering Defendant's residence had a reasonable belief that Billingsley was then in that residence. This Court wrote:

> The sole basis for [officers to travel] to the Defendant's residence at 2515 Hoover Avenue[, on June 6, 2008,] to arrest Billingsley was the arrest warrant issued five months earlier for his arrest. Although that warrant indicated that Billingsley's last known address was at that residence, it also clearly stated that "the whereabouts of [Billingsley] have been unknown since the 7th day of December, 2007," some six months earlier. Government's Exhibit No. 6 at p. 1. It cannot be questioned that a warrant indicating that an individual's whereabouts were unknown in early December does not give officers reason to believe that he will be at what was identified as his last known address six months later.

Doc. #33 at 12. With its Motion to Augment the Record and for Reconsideration (Doc. #35), the Government has failed to satisfy the Court that it erroneously relied upon the arrest warrant issued for Billingsley, the document which the Government contends justified the entry into Defendant's residence, to find that the officers did not have a reasonable belief that Billingsley would be located therein at that time. Since the Government has failed to prove that the conditions established by the Court in Payton were present, it remains convinced that the legality of the officers entry into Defendant's residence is governed by Steagald. Therein, the Court held that, in the absence of consent or exigent circumstances, an arrest warrant, as opposed to a search warrant, is not adequate to protect the Fourth Amendment interests of persons not named in the warrant. 451 U.S. at 205-06, 212.

Based upon the foregoing, this Court overrules the Government's Motion to Augment the Record and for Reconsideration (Doc. #35).

March 23, 2010

                /s/ Walter Herbert Rice
            WALTER HERBERT RICE, JUDGE
            UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.